Courtney Lowery
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Ariz. Bar No. 036888
(501) 221-0088
courtney@sanfordlawfirm.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Amber Lockett, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>v.<br><br>Nurseio, LLC, and Nurseio II, LLC,<br><br>  Defendant. | NO. 2:22-cv-<br><br>**ORIGINAL COMPLAINT—COLLECTIVE ACTION** |

Plaintiff Amber Lockett ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Courtney Lowery of Sanford Law Firm, PLLC, for her Original Complaint—Collective Action ("Complaint") against Defendant Nurseio, LLC, and Nurseio II, LLC (collectively "Defendant" or "Defendants"), states and alleges as follows:

## I.     PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper overtime compensation under the FLSA.

## II.     JURISDICTION AND VENUE

3. The United States District Court for the District of Arizona has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendants are headquartered in Anthem.

5. Plaintiff was employed by and performed work for Defendant within this District.

6. Therefore, venue is proper within the Phoenix Division of the District of Arizona pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

7. Plaintiff is an individual and resident of Maricopa County.

8. Separate Defendant Nurseio, LLC ("Nurseio"), is a domestic limited liability company.

9. Nurseio's registered agent for service of process is Staff U, LLC, at 39506 North Daisy Mountain Drive, Suite 122-455, Anthem, Arizona 85086.

10. Separate Defendant Nurseio II, LLC ("Nurseio II"), is a domestic limited liability company.

11. Nurseio's registered agent for service of process is Michael Seth Courson at 39506 North Daisy Mountain Drive, Suite 122-455, Anthem, Arizona 85086.

12. Defendants, in the course of their business, maintain a website at https://nurseio.com/.

## IV.     FACTUAL ALLEGATIONS

13. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14. Defendant is a healthcare staffing firm.

15. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

16. Upon information and belief, the revenue generated from Nurseio and Nurseio II was merged and managed in a unified manner.

17. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

18. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as medical supplies.

19. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

20. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

21. Defendant employed Plaintiff as a Travel Nurse from March of 2021 until November of 2021.

22. Defendant paid Plaintiff an hourly wage.

23. Defendant classified Plaintiff as an independent contractor, exempt from the overtime requirements of the FLSA.

24. Defendant also employed other hourly-paid Travel Nurses to perform the work necessary to its business.

25. Defendant classified other Travel Nurses as independent contractors, exempt from the overtime requirements of the FLSA.

26. Plaintiff and other Travel Nurses regularly or occasionally worked in excess of forty hours per week throughout their tenure with Defendant.

27. Defendant paid Plaintiff and other Travel Nurses their regular hourly rate for all hours worked. In other words, Defendant did not pay Plaintiff and other Travel Nurses an overtime premium for hours worked over 40 each week.

28. In addition to her hourly wage, Plaintiff regularly received bonuses.

29. Specifically, Plaintiff received bonuses when she worked 100 hours, when she worked at specific facilities, and when she worked night or weekend shifts (collectively, "incentive bonuses").

30. The incentive bonuses are nondiscretionary because they are based on objective and measurable criteria, and because Plaintiff expected to receive the incentive bonuses and did in fact receive the incentive bonuses on a regular basis.

31. Upon information and belief, all or most Travel Nurses received incentive bonuses.

32. Defendant informs Travel Nurses of the incentive bonuses upon hiring because the bonuses are part of the compensation package for Travel Nurses. Travel Nurses expect to receive the bonuses.

33. Defendant directly hired Plaintiff and other Travel Nurses, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

34. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

35. Therefore, the bonuses paid to Plaintiff and other Travel Nurses should be included in their regular hourly rate when calculating their overtime premium.

36. Defendant violated the FLSA by not including all forms of compensation, such the nondiscretionary bonuses of Plaintiff and other Travel Nurses, in their regular rate when calculating their overtime pay.

37. Upon information and belief, Defendant's pay practices were similar or the same for all Travel Nurses who received incentive bonuses.

38. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

39. Because of the volume of work required to perform their jobs, Plaintiff and other Travel Nurses consistently worked in excess of forty hours per week.

40. Plaintiff's and other Travel Nurses' work followed the usual path of employer-employee relationships; Defendant treated them as independent contractors only for tax purposes and for Defendant's convenience.

41. Defendant, at all times relevant hereto, knew that Plaintiff and other Travel Nurses were acting as employees, rather than as independent contractors, and treated them as employees.

42. Plaintiff and other Travel Nurses, in carrying out their duties, followed the processes put in place by Defendant and others.

43. Plaintiff and other Travel Nurses were required to arrive at work at specific times and remain until their scheduled shifts were over.

44. Defendant expected Plaintiff and other Travel Nurses to follow Defendant's policies regarding their employment.

45. Plaintiff and other Travel Nurses were required to complete the tasks Defendant assigned to them or risk being disciplined, including termination.

46. Defendant penalized Plaintiff or other Travel Nurses who were unable to work a specific shift after initially accepting the shift.

47. Plaintiff and other Travel Nurses were hired to work for Defendants for a continuous and ongoing period of time.

48. Plaintiff and other Travel Nurses did not select any employees for hire.

49. Plaintiff and other Travel Nurses did not have any control of or authority over any employee's rate of pay or working hours.

50. Plaintiff and other Travel Nurses were required to follow Defendant's dress code.

51. Plaintiff and other Travel Nurses were provided with equipment such as blood pressure machines and PPE.

52. Defendant determined Plaintiff's and other Travel Nurses' pay scale for services without input from or negotiation with Plaintiff or other Travel Nurses.

53. Defendant set prices for services without input from or negotiation with Plaintiff or other Travel Nurses.

54. Defendant made decisions about advertising Defendant's business without input from Plaintiff or other Travel Nurses.

55. Defendant made decisions on what new business to pursue or take without input from Plaintiff or other Travel Nurses.

56. Plaintiff and other Travel Nurses did not negotiate contracts or prices with Defendant's customers.

57. Defendant directed Plaintiff and other Travel Nurses in their job duties.

58. Plaintiff and other Travel Nurses had no opportunity to share in Defendant's profits.

59. Plaintiff and other Travel Nurses did not share in Defendant's losses.

60. Plaintiff and other Travel Nurses had no investment in Defendant's business or operations.

61. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Travel Nurses violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

62. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

63. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed

by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Regular wages and overtime premiums for all hours worked over forty hours in any week;

    B.    Liquidated damages; and

    C.    Attorney's fees and costs.

64.    Plaintiff proposes the following collective under the FLSA:

**All Travel Nurses who worked over 40 hours
in any week within the past three years.**

65.    In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

66.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

67.    The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A.    They had the same or substantially similar job duties and responsibilities;

    B.    They were paid hourly;

    C.    They were eligible for and received nondiscretionary bonuses;

    D.    They worked over forty hours in at least one week in which they performed work related to a bonus;

E. They were subject to Defendant's common policy of failing to pay a proper overtime rate for hours worked over forty in a week; and

F. They were subject numerous other policies and practices as described above.

68. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds one hundred (100) persons.

69. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

70. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

71. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
**(Individual Claim for Violation of the FLSA)**

72. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

73. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

74. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

75. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their

regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

76. Defendant misclassified Plaintiff as exempt from the requirements of the FLSA.

77. Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff 1.5x her regular rate for all hours worked in excess of 40 per week.

78. Defendant knew or should have known that its actions violated the FLSA.

79. Defendant's conduct and practices, as described above, were willful.

80. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

81. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

82. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

83. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

84. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

85. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

86. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

87. Defendant misclassified Plaintiff and other similarly situated employees as exempt from the overtime provisions of the FLSA.

88. Defendant failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week.

89. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

90. Defendant knew or should have known that its actions violated the FLSA.

91. Defendant's conduct and practices, as described above, were willful.

92. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

93. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

94. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Amber Lockett, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and their related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

DATED this 28th day of January, 2022.

> Courtney Lowery
> Ariz. Bar No. 036888
> courtney@sanfordlawfirm.com