**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amber Lockett, | No. CV-22-00158-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Nurseio LLC, et al., | |
| Defendants. | |

Plaintiff Amber Lockett ("Plaintiff") filed a Motion for Voluntary Dismissal Without Prejudice (Doc. 17) under Rule 41(a)(2) of the Federal Rules of Civil Procedure. Defendants Nurseio LLC and Nurseio II LLC (collectively "Defendants") filed a Response (Doc. 18), and Plaintiff filed a Reply (Doc. 19). For the following reasons, the Court conditionally grants Plaintiff's Motion.

**I.     Legal Standard for Voluntary Dismissal**

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under [Rule 41(a)(2)] is without prejudice." Fed. R. Civ. Pro. 41(a)(2). The purpose of the Rule "is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). Dismissal "without prejudice" is consequential because it permits Plaintiff to relitigate her rights at a later time. *See e.g., Frigard v. United States*, 862 F.2d 201, 2014 (9th Cir. 1988) (explaining that a

case dismissed without prejudice allows a plaintiff to "reassert his claims in a competent court"). So, the Court "must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143,145 (9th Cir. 1982). Legal prejudice concerns a legal interest, legal claim, or legal argument. *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

## II.     Discussion

Plaintiff seeks dismissal of her suit without prejudice under Rule 41(a)(2) because Defendants did not stipulate to dismiss under Rule 41(a)(1)(ii). (Doc. 17 at 2). Plaintiff's only other reason for dismissal is that her attorney resigned from their law firm and requested withdrawal from the action. (Doc. 17 at 2). Defendants oppose arguing the Complaint should be dismissed *with* prejudice. (Doc. 18 at 2). Alternatively, Defendants assert a dismissal without prejudice should be conditioned on the payment of Defendants' appropriate costs and attorney fees. (Doc. 18 at 2). The Court will address each of Defendants' arguments in turn.

First, Defendants do not argue they would suffer any legal prejudice should the case be dismissed without prejudice under Rule 41(a)(1). Defendants assert that Plaintiff's "baseless" action "has caused Defendants to incur attorney's fees." (Doc. 18 at 1). But neither "mere inconvenience of defending another lawsuit" nor the expenses incurred in defending a lawsuit constitute plain legal prejudice. *Hamilton*, 679 F.2d at 145; *Westlands Water Dist.*, 100 F.3d at 97 (citing *Id.*). The Court will therefore grant Plaintiff's motion for voluntary dismissal without prejudice. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) ("A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result.").

If a court grants a plaintiff's motion for voluntary dismissal without prejudice, "[t]he defendants' interest can be protected by conditioning the dismissal without prejudice on the payment of appropriate costs and attorney fees." *Westlands Water Dist.*, 100 F.3d at 97 (citing Fed. R. Civ. P. (a)(2) and *Hamilton*, 679 F.2d at 146). However, "[i]mposition of costs and fees as a condition for dismissing without prejudice is not mandatory." *Id.*

(citing *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919 (9th Cir. 1989).

In determining whether to award costs to a defendant after a voluntary dismissal without prejudice, courts consider: "(1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Santa Rosa Mem'l Hosp. v. Kent*, 688 F. App'x 492, 494 (9th Cir. 2017) (citation omitted). "[I]f the district court decides it should condition dismissal on the payment of costs and attorney fees, the defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims." *Westlands Water Dist.*, 100 F.3d at 97 (citing *Koch v. Hankins,* 8 F.3d 650, 652 (9th Cir. 1993).

Upon review of the record, Plaintiff filed her Original Collective Action Complaint on January 28, 2022 (Doc. 1). Since then, Defendants have filed an Answer (Doc. 6), a Corporate Disclosure Statement (Doc. 7), a Joint Case Management Plan (Doc. 11), a Notice of Service of Discovery (Doc. 15), and their Response to Plaintiff's Motion for Voluntary Dismissal (Doc. 18). Defendants have also drafted and sent their Initial Disclosures pursuant to Rule 26(a)(1). (Doc. 15 at 1). Plaintiff filed her Motion for Voluntary Dismissal on September 29, 2022 (Doc. 17).

In considering the four relevant factors, Defendants have spent little effort in preparing for trial; litigation has not extensively progressed; and Plaintiff sought voluntary dismissal of the case just nine months after its inception. However, given this is a collective action, there is a prospect for duplicative litigation under the first factor. The Court will thus exercise its discretion to condition the dismissal without prejudice on the payment of appropriate costs and "attorney fees for work which cannot be used in any future litigation of these claims." *Westlands Water Dist.*, 100 F.3d at 97.

Accordingly,

**IT IS ORDERED** that Plaintiff Amber Lockett's Motion for Voluntary Dismissal Without Prejudice (Doc. 17) is **GRANTED**. This action is dismissed.

**IT IS FURTHER ORDERED** that Defendants may file a motion for costs and

attorneys' fees within fourteen (14) days of the entry of this Order.

Dated this 1st day of February, 2023.

_____
Honorable Diane J. Humetewa
United States District Judge

- 4 -